[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10958
On March 27, 1996, the plaintiff commenced an action requesting all injunction and declaratory judgment that the appointment of candidates to the position of police detective with the Police Department of the City of New Haven be classified under the Civil Service system rather than solely within the appointment powers of the Chief of Police from among the ranks of patrol officers. On July 7, 1997, the court issued an Order of Notice pursuant of Conn. Prac. Book Sec. 390(d). The Order of Notice stated:
 ORDERED that notice of the institution and pendency of said action and the above scheduled hearing [on August 5, 1997] be given to all interested parties by posting a copy of this order and of the complaint on the notice board at the New Haven Police Department and in such other places as will come to the attention of all members of the police department.
The court proceeded to trial on August 5, it having been stipulated by the plaintiff and the defendant that there had been compliance with the Order of Notice.
On August 15, 1997, the court entered judgment for the plaintiff Union, declaring the position of detective to be subject to Civil Service requirements and enjoining the defendant from failing to institute the necessary procedures to test for and fill positions of detective in such a manner.
On August 25, 1997, the first of two Motions to Intervene was filed by certain individuals who are members of the New Haven Police Department, some of whom are also members of a group of officers known as the Silver Shields who are interested in advancing the interests of African-American and other minorities at the Police department. The proposed intervenors seek to intervene as persons interested in the outcome of the litigation. They advance no specific interest except "their wish to be heard on the issues raised in this lawsuit." Motion to Intervene, dated September 15, 1997, para. 13.
The very limited issue for the court to decide in this case is whether there was compliance with the Order of Notice.[1] If there was not compliance, the proposed intervenors ask the court to CT Page 10959 set aside the injunction and declaratory judgment and allow the proposed intervenors to be heard. If there was compliance with the Order, they are not entitled to be heard further and the judgment will not be opened.
The court heard four days of evidence. Most of the evidence of the proposed intervenors showed that a number of Police Department employees did not see the notice on the bulletin boards during the period in question. Some members testified that they did not pass by the boards or did not take note of anything that may have been posted during the period in question.
Witnesses for the plaintiff testified that the notice was posted on the Union bulletin board, tethered by a string to allow those interested to read its multiple pages. It was also posted in the "cafeteria" room on the second floor, on the bulletin board in the "sergeant's room" or records room on the third floor, and on the training bulletin board the fourth floor. A copy was placed on the long first floor reception desk where other circulars are kept and where department personnel often congregate. Some department personnel saw the notice on each of the four floors of the police department.
The Order of Notice did not require individualized notice to each person who might be affected by the controversy. Nor did the Order of Notice require that there be specific maintenance of the postings until August 5, 1997. The cases cited by the proposed intervenors regarding the inadequacy of posting as a form of notice of the institution of a lawsuit are unpersuasive about the plaintiff's responsibility for the posting here. Those cases speak to the risk that an actual defendant who is a necessary and indispensable party might be deprived of a property right. Here the proposed intervenors are merely interested persons who wish to be heard, before the court interprets a law that may affect them in some way in the future.
The court finds that the plaintiff complied with the posting requirements of the Order of Notice. The Motions to Intervene are denied.
Patty Jenkins Pittman, Judge